Ex parte Graciela Pérez Torres; Concepción Pérez Vázquez, etc., et al., Petitioners and Appellants. Antonio Ramírez, Respondent and Appellee.

No. 7157. Argued April 2, 1937.—Decided April 8, 1938.

R. Cuevas Zequeira for Graciela Pérez Torres. Lloréns Torres & O'Neill for appellants. J. Ramírez Santibáñez for appellee.

Mr. Justice Wolf delivered the opinion of the court.

■■ The issue in this case was submitted to the lower court by a stipulation of facts which may be summed up, as did the lower court, in the following way:

"On the 20th of June 1921, Isabel Llera Vázquez made an open will . . . naming as her sole and universal heirs her legitimate children José, Fernando, and Isabel Pérez Llera, and Carmen Luisa Rucabado Llera, the first three, offspring of her first marriage with Fernando Pérez, and the last-named child by her second marriage with Mateo Rucabado. Before the death of the testatrix, her named heir, José Pérez Llera, died on the 5th of May 1932, and left as his sole heirs the petitioners and also as heir his legitimate mother Isabel Llera Vázquez. Two years later, or on the 28th of June 1934, Isabel Llera Vázquez died without having revoked or modified her will. Her executor Antonio Ramírez obtained from the court the corresponding testamentary letters. On the 6th of October 1934, the petitioners, who together are the natural children and the natural grandchildren of José Pérez Llera, requested that a partitioner be named with respect to the inheritance left by Isabel Llera Vázquez of whom they alleged that they were heirs in representation of their

father or grandfather, José Pérez Llera. The executor of Isabel Llera Vázquez, Antonio Ramírez, opposed the motion of the petitioners, alleging in the form of a demurrer that the petition did not state facts to justify the remedy sought and that the petitioners had no right to intervene in the partition of the inheritance in question, as they were neither heirs nor had any right in the inheritance of Isabel Llera Vázquez. In the stipulation the petitioners presented their position in the following manner : (A) That they are the heirs of Isabel Llera, the widow of Rucabado, as her natural grandchildren and in representation of their natural father, José Pérez Llera, legitimate son of the former, whether the death of Isabel Llera was testate or intestate; (B) that, in effect, as such natural acknowledged children of José Pérez Llera, they have a right to intervene in all the proceedings and the partition of the estate of Isabel Llera Vázquez.''

The court below held that any supposed right of representation should be determined pursuant to sections 887 and 888 of the Civil Code (1930 ed.), which read thus:

''Section 887.—The right which all the relatives of a person have to succeed him in all the rights which he would have if alive, or which he might have inherited, is called the right of representation.

''Section 888.—The right of representation shall always take place in the direct descending line, but never in the ascending.

''In the collateral line it shall take place only in favor of the children of brothers or sisters, whether they be of the whole or half blood.''

The court below took the position that the relatives (*parientes*) to which section 887 refers were the legitimate relatives and, as the petitioners were natural children and grandchildren of José Pérez Llera, they could not succeed him in the rights which he would have had in the inheritance, if he had survived his mother, Isabel Llera. The court quoted from Manresa to say:

''We are aware that in the Code the legitimate family is the rule and the natural family the exception; and that, therefore, when the law speaks solely of ascendants, descendants, brothers, etc., it is referring to the legitimate or legitimated children of a marriage and when it refers to descendants, ascendants, or natural brothers

or illegitimate, then it adds the corresponding qualification. This is shown by a multiplicity of sections. . .

"There is another obstacle to the right of representation of the child or legitimate brother by descendants or natural children; section 943 which forbids the inheritance of legitimate and natural relatives among themselves. Therefore, we must look outside of section 925 and in other sections which refer to the natural family for what is not to be found here, and in fact, section 940 partly decides the question, which will again arise when we comment upon section 945." 7 Manresa, *Comentarios al Código Civil*, pp. 59–60.

The court further quotes:

"There is even more: the natural children of a legitimate child cannot inherit pursuant to section 943 from their grandfather, the legitimate relative of his father, either by right of representation or in his own right." 7 Manresa 102.

Section 943 mentioned in the preceding citation reads as follows:

"A natural or a legitimated child has no right to succeed *ab intestate (sic)* the legitimate children and relatives of the father or mother who has acknowledged it; nor shall such children or relatives so inherit from the natural or legitimated child." (Fisher's Spanish Civil Code, 4th ed., p. 321.)

The section copied *supra* is equivalent to paragraph 5 of section 913 of our Civil Code (Comp. Stat., 1911) which until 1923, when it was amended, said as follows:

"A natural child has no right to succeed intestate legitimate children or relatives of the father and mother who has recognized him or her, nor they a natural or legitimatized child."

The preceding section was amended by Act No. 88 of 1923 (Session Laws, p. 650) in the following way:

"An acknowledged natural child has no right to succeed intestate legitimate children or relatives, except the grandparents and other ascendants of the father or mother who have acknowledged him or her, nor they an acknowledged, natural or legitimatized child."

In 1930, by Act No. 48 of that year (Session Laws, pp. 368, 386) the transcribed paragraph was amended so that it now reads:

"A recognized natural child has no right to succeed intestate legitimate cihldren or relatives—with the exception of grandparents and other ascendants—of the father or mother who has recognized him or her, nor they to suceed a recognized natural child."

The court goes on to say that, as might be seen, the amendments of 1923 and 1930 do not substantially affect, so far as it relates to the present case, paragraph 5 of section 913, now 902 of the Civil Code (1930 ed.).

"It will be seen," says the court, "that at all times the precept in question has been limited to the intestate succession and never to the testate succession. The Legislature has always been careful to refer to the right to succeed *ab intestato* and never to the right to succeed by will. Consequently, the amendments that were made in 1923 and 1930 to paragraph 5 of section 913 (Comp. Stat., 1911) can not affect in any way the present case in which an intestate succession is not being considered . . . Isabel Llera Vázquez died testate . . . and her will is not being attacked. . . The legal situation of natural children with respect to their right of inheriting abintestate from their grandparents and legal ascendants is the same as that of the collateral."

The court proceeded to say that if Isabel Llera Vázquez had not made a will or her will were null and void, then, and only then, could the petitioners rely upon paragraph 5 of section 902 of the Civil Code. And that was so, according to the judge, because the acknowledged natural children are not forced heirs of the father or mother of their progenitor.

Section 736 of the Civil Code (1930 ed.) defines forced heirs in the following manner:

"Forced heirs are:

"1. Legitimate children and descendants, with regard to their legitimate parents and ascendants;

"2. In the absence of the foregoing, the legitimate parents and ascendants, with regard to their legitimate children and descendants;

"3. The widower or widow, the natural children legally acknowledged, and the father or the mother of the latter in the manner and extent established in sections 761, 762, 763, 764, 767, 768, 769, 770, 771 and 772 of this Code."

It appeared to the court that the exposition of the act showed that a natural child is a forced heir only of its parents but not of his grandparents. For, as reasoned the court, if the intention of the Legislature had been to make them forced heirs of their grandparents or other ascendants, it would not have used the words "natural children" but "natural descendants," or would have added to the words "natural children" the phrase "and natural descendants," as the Legislature did in the first paragraph upon referring to children and legitimate descendants. Then the court reviewed the jurisprudence of this court and especially the cases of *Velázquez* v. *De Choudens et al.*, 29 P.R.R. 481; *Ex parte Smith et al.*, 14 P.R.R. 654; *Ortiz* v. *Rivera et al.*, 26 P.R.R. 294, and *Correa* v. *Correa*, 18 P.R.R. 115.

One of the conclusions of the court is that in the testate succession, only the forced heirs may not be excluded and natural children are not forced heirs of their grandparents when there is a will. Under these circumstances, the court holds that the case of *Velázquez* v. *De Choudens, supra,* is still the law and its reasoning squarely applicable. The above case followed the principles set forth in the case of *Correa* v. *Correa, supra.*

The court does not overlook the fact that the petitioners maintain that these decisions and the Spanish commentators refer to an epoch when in Puerto Rico the natural child was not given the same consideration as it is today.

On page 8 of one of the appellant's briefs we find the following paragraph:

"The error fallen into by the lower court results from the fact that the court strictly followed the opinion of Manresa, for which

there is no basis in Puerto Rico, because the positive law has been fundamentally changed; and it is unquestionable that the fact that there was always legislation in Spain which prevented natural children from succeeding the legitimate relatives of the father or mother who should have acknowledged them, led inevitably to the result that all precepts of law with regard to the right of representation should be interpreted in a restrictive sense, to the prejudice of natural children who would otherwise have been benefited by the right of representation. See *Tratado de Derecho Civil Español* by Calixto Valverde, vol. 5, p. 423.''

We cannot so hold. All that the Legislature did was to increase the rights of natural children in the realm of intestate succession. For instance, when there is a will, in the absence of legitimate descendants or ascendants, the testator may not deprive natural children of inheriting one third of the estate (section 769 of the Civil Code). But as to intestate succession, the first paragraph of section 902 of the Civil Code (1930 ed.) provides:

''In default of legitimate or legitimized descendants or ascendants, the natural children legally recognized shall succeed the deceasd in the whole of the inheritance.''

This by itself is a demonstration of the difference in ''*lex scripta*'' according to whether the testate or the intestate succession is regarded.

In another part of the brief the same appellant says that according to some French authorities, the intestate succession is the true succession. We have not before us either the French Civil Code or the reasons why Messrs. Colin and Capitant (7 *Derecho Civil*, 12–13) reach their conclusion.

Years ago, this court, in *Julbe* v. *Guzmán*, 16 P.R.R. 502, had occasion to consider the rights of a widower both under the testate and intestate succession. The majority held that, as this was the case of an intestate succession, the preference given to the widower in the testate succession could not prevail. Justices Hernández and Figueras dissented and put forth practically the same argument that has been presented

in this case, namely, *ubi eadem est ratio eadem debet esse juris dispositio*. In the majority opinion there is a citation from Scaevola to the effect that the testate succession is to be considered the normal one and the intestate succession as supplementary *(supletoria)* thereto. We take the following from such citation:

"4.—Intestate succession, in the Spanish Civil .Law, is complementary to or in substitution of the testate. In such succession the Legislature (and for that reason it is called legal portion) supplies the lack of the individual will of a person and fixes general rules for the case in which the expression of this will is lacking. It is therefore, we may say, a collective will made by law for all the cases in which there is no individual will *(testamento)* interpreting the will *(voluntad)* of those dying thus intestate." Scaevola, *Comentarios al Código Civil*, vol. 14, p. 615 *et seq.*

The whole excerpt pays perusal.

We need not decide definitely in this case which is the succession to be preferred. The Legislature says nothing about this. Various acts have been passed by our Legislature improving the condition of natural children, but otherwise the Legislature has shown no intention of changing the existing "family law" to which one or more of the appellants makes reference. We find nothing in the Civil Code, as reformed by the Legislature, to indicate that the latter intended to change the law which has regulated the rights of natural children to represent their parents, so as to inherit from the legitimate ascendants of those parents, other than as specified in the intestate succession.

Therefore, we agree with the opinion of the court below and the order should be affirmed.